**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JOHN HARRY THOMPSON,    )
                                 )
          Petitioner,    )    Civil Action No. 2:23-cv-2091
                                 )
       v.                  )
                                 )    Magistrate Judge Patricia L. Dodge
SUPERINTENDENT THOMPSON,   )
et al.                       )
                                 )
         Respondents.   )

## <u>MEMORANDUM OPINION</u>

Pending before the Court[1] is the Petition for a Writ of Habeas Corpus (ECF No. 5) filed by

John Harry Thompson ("Petitioner") under 28 U.S.C. § 2254. Petitioner challenges the judgment

of sentence imposed on him by the Court of Common Pleas of Westmoreland County at criminal

docket number CP-65-CR-0001557-2018. For the reasons below, the Court will deny the petition

and will deny a certificate of appealability.

**I.**     **Relevant Background**

Petitioner entered a guilty plea to four counts of aggravated indecent assault, and one count

each of indecent assault, corruption of minors, and indecent exposure. On March 25, 2019, he was

sentenced to an aggregate term of 10 to 20 years' imprisonment, followed by 10 years' probation.

He is also subject to lifetime sex offender registration.

Petitioner did not file a direct appeal from the judgment of sentence. Thus, his judgment of

sentence became final under both state and federal law on or around April 24, 2019, when the 30-

day period for him to file an appeal expired. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903; 28 U.S.C.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

§ 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review); *Commonwealth v. Whiteman*, 204 A.3d 448, 450 (Pa. Super. Ct. 2019) (same).

On July 13, 2023, Petitioner filed a petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. The trial/PCRA court ultimately denied the PCRA petition on February 23, 2024. Petitioner did not file an appeal from the denial.

Petitioner initiated the instant litigation by mailing a petition on December 4, 2023 (ECF No. 1-1 at 15) and it was subsequently docketed. (ECF No. 5.) In his petition, Petitioner raises two grounds for relief: a challenge to his lifetime sex offender registration (Ground One) and a challenge to the length of his sentence (Ground Two).[2]

Respondents filed an answer (ECF No. 11), asserting, among other things, that Petitioner's claims are time-barred under the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner did not file a reply.

## II.    Discussion

### A.    Jurisdiction

The Court has jurisdiction under 28 U.S.C. § 2254, the federal habeas statute applicable to prisoners in custody pursuant to a state court judgment. This statute permits a federal court to grant a state prisoner a writ of habeas corpus "on the ground that he or she is in custody in violation of the Constitution…of the United States." 28 U.S.C. § 2254(a). Errors of state law are not cognizable. *Id.*; *see, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). It is Petitioner's burden to prove that he is entitled to the writ. *See, e.g.*, *Vickers v. Superintendent Graterford SCI*, 858 F.3d 841, 848-49 (3d Cir. 2017).

---

[2] The Court need not, and does not, make any determination as to the cognizability of these claims.

2

B.    <u>Statute of limitations</u>

In 1996, Congress made significant amendments to the federal habeas statutes with the enactment of AEDPA. Among other things, AEDPA set a one-year limitations period for filing a federal habeas petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). AEDPA's one-year statute of limitations is codified at 28 U.S.C. § 2244(d). The date on which AEDPA's limitations period commences is determined on a claim-by-claim basis. *Fielder v. Varner*, 379 F.3d 113, 118-22 (3d Cir. 2004).

AEDPA also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance' .... In other words, until the application has achieved final resolution through the State's post-conviction procedures[.]" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).

In this case, the statute of limitations for Petitioner's claims began to run on the date his judgment of sentence became final, in accordance with § 2244(d)(1)(A). Petitioner's judgment of sentence became final on April 24, 2019. The one-year limitations period for each of Petitioner's claims began to run on that date, and expired 365 days later, on April 23, 2020. Petitioner initiated this action on December 4, 2023, more than four years later. His PCRA petition had no effect on the running of the limitations period because it was filed on July 13, 2023, after the limitations period had expired.

Thus, Petitioner's habeas claims are untimely.

The Supreme Court has held that AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows both that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 649. Petitioner does not argue that he is entitled to equitable tolling, nor has he directed the Court to anything in the record to support a determination that equitable tolling would be appropriate in this case.

Another exception to AEDPA's statute of limitations is the "miscarriage of justice" exception. In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court recognized that the actual-innocence "gateway" to federal habeas review developed in *Schlup v. Delo*, 513 U.S. 298 (1995) for procedurally defaulted claims extends to cases in which a petitioner's claims would otherwise be barred by the expiration AEDPA's one-year statute of limitations. This exception provides that a petitioner's failure to comply with AEDPA's one-year limitations period may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" *Schlup*, 513 U.S. at 316. Petitioner does not argue that the "miscarriage of justice" exception applies to this case, nor has he directed the Court to anything in the record that would support a finding that this is one of the rare cases in which the exception is implicated.

Because Petitioner's habeas claims are untimely, his petition will be denied.

## III.    Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate

of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Petitioner's claims should be denied as untimely. Thus, a certificate of appealability will be denied with respect to his claims.

**IV.    Conclusion**

For these reasons, the Court will deny the petition because the federal habeas claims asserted in it are time-barred and will deny a certificate of appealability.

An appropriate Order follows.


Dated: April 2, 2025                           /s/ Patricia L. Dodge
                                               PATRICIA L. DODGE
                                               UNITED STATES MAGISTRATE JUDGE